UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ROBERT OLIVER,

       Plaintiff,

vs.                                                Case No.

HOTWIRE COMMUNICATIONS, LTD,
A Foreign Limited Partnership

       Defendant.
_____/

**COMPLAINT**

      Plaintiff, ROBERT OLIVER, sues Defendant, HOTWIRE COMMUNICATIONS, LTD and states as follows:

**JURISDICTION**

      Jurisdiction in this Court is proper under 29 U.S.C. §1331 as this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

**VENUE**

      Venue is proper in this Court as Defendant is a corporation conducting business within the Southern District and currently has Plaintiff assigned to its Fort Pierce location.

1

**CONDITIONS PRECEDENT**

All conditions precedent to the filing of this suit have been met. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory/retaliatory events. See Exhibit A. Plaintiff received a Determination and Notice of Rights. Plaintiff's lawsuit was filed within 90 days of the date of issuance. See Exhibit B.

**FACTUAL ALLEGATIONS**

1. Plaintiff began his employment with Defendant in 2013 and is still currently employed with Defendant.

2. On September 29, 2020, Plaintiff complained to Human Resources that he was unfairly excluded from applying for a Warehouse Manager position because it was not advertised on the Defendant's career portal. Since Plaintiff was still employed by Defendant, he did not allege that the unfair treatment was based on his race, color, or national origin.

3. In defense of Plaintiff's complaint about the failure to advertise, Defendant raised the issue that Plaintiff was offered a promotion in 2018 that he rejected. In 2018, Plaintiff was offered what Defendant termed as a "promotion" however, Plaintiff would not have received an increase in pay and would have been required to relocate from the East Coast of Florida to

the West Coast, so he declined what Defendant had identified as a "promotion."

4. The person who was hired for the Warehouse Manager position was a White Hispanic who had less than one-year of experience with the company.

5. The Human Resources Manager reached out to Plaintiff and within a few days of his letter of complaint, on October 2, 2020, he was given a pay raise and a title change to Logistics Coordinator Team Lead. However, this pay increase did not match what Plaintiff would have received had he become the Warehouse Manager.

6. On October 6, 2020, Plaintiff was subjected to retaliation for having complained about the Warehouse Manager position not being advertised.

7. Initially, the retaliation was a verbal counseling for having a person inside the warehouse which, according to Defendant, was a restricted area. This was the first time that Plaintiff had been told that the warehouse was a restricted area. Regardless, Plaintiff had put in a request to have to IT to fix the computer that he used daily for work. The person who was supposedly improperly in the warehouse was the IT Specialist sent to fix Plaintiff's computer.

8. Then on October 27, 2020, the retaliation consisted of Plaintiff's On-Call pay not being included in his regular bi-weekly paycheck as they had been for the prior two to three years.

9. Plaintiff asked his supervisor about why he was not paid the on-call pay with his regular pay and was told that there was a new approval process. However, Defendant was two weeks behind paying Plaintiff's on-call pay for a three-month period.

10. Plaintiff reached out to Human Resources about not timely receiving his on-call pay and was told to put it in writing to HR; however, his supervisor told him not to send an email to HR about it.

11. In January 2020, the retaliation consisted of removing Plaintiff's supervisory duties.

12. Finally, Plaintiff was retaliated against by being denied overtime. Plaintiff had previously worked approximately 20 hours of overtime per week, but after he complained to Human Resources about being denied the opportunity to apply for the the Warehouse Manager position, Plaintiff was no longer permitted to work overtime.

13. In January 2021, Plaintiff was assigned to train an employee whose national origin is the Dominican Republic. From the beginning this employee was

hostile to Plaintiff. Then, on July 21, 2022, this employee used racial slurs against Plaintiff and wanted to engage the Plaintiff in a physical fight. Plaintiff was moved to the Cypress location during the two-week investigation, so he had to travel from Port St. Lucie to Fort Lauderdale during that time. Ultimately, the Plaintiff was told that the investigation was concluded but that the results could not be provided to him.

## **COUNT 1 DISCRIMINATION UNDER TITLE VII**

14. Plaintiff incorporates all prior paragraphs as if fully stated herein.

15. Plaintiff is a Black, African American with nearly 10 years' experience working for Defendant.

16. Defendant hired a White, Hispanic with less than one year of experience for the position of Warehouse Manager.

17. Defendant denied Plaintiff the opportunity to apply for the position of Warehouse Manager because of his race, color and/or national origin by failing to advertise the position.

**WHEREFORE**, Plaintiff demands damages for lost wages/back pay, benefits, front pay, emotional distress damages, punitive damage, and all other compensatory damages allowable under law, attorney's fees and costs and any other relief that the Court deems just and proper.

## COUNT 2 DISCRIMINATION UNDER FLA.STAT. §760

18. Plaintiff incorporates all prior paragraphs as if fully stated herein.

19. Plaintiff is a Black, African American with nearly 10 years' experience working for Defendant.

20. Defendant hired a White, Hispanic with less than one year of experience for the position of Warehouse Manager.

21. Defendant denied Plaintiff the opportunity to apply for the position of Warehouse Manager because of his race, color and/or national origin by failing to advertise the position.

**WHEREFORE**, Plaintiff demands damages for lost wages/back pay, benefits, front pay, emotional distress damages, punitive damage, and all other compensatory damages allowable under law, attorney's fees and costs and any other relief that the Court deems just and proper.

## COUNT 3 RETALIATION

22. Plaintiff incorporates all prior paragraphs as if fully stated herein.

23. Plaintiff complained to Human Resources about not having the opportunity to apply for the Position of Warehouse Manager as it was not advertised.

24. Subsequently, Plaintiff was verbally counseled for allegedly having someone in a restricted area; however, this was an employee of the Defendant's IT department, fixing Plaintiff's computer.

25. After his complaint to Human Resources, Plaintiff did not receive his On Call Bonus in his regular paycheck and it took three months for Defendant to catch up on the payments.

26. When Plaintiff reached out to Human Resources about the On Call Bonus not being received, he was transferred to the Boynton office and his supervisory duties were removed.

27. After complaining to Human Resources about being denied the opportunity to apply for the position of Warehouse Manager, Plaintiff no longer received overtime, which he had previously received approximately 20 hours per week.

28. After complaining in July 2022 about another employee using racial slurs and threatening to fight him, Plaintiff had to commute to Fort Lauderdale during the investigation.

**WHEREFORE**, Plaintiff demands damages for lost wages/back pay, benefits, front pay, emotional distress damages, punitive damage, and all other

compensatory damages allowable under law, attorney's fees and costs and any other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Dated: October 21, 2022

Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Fla. Bar. #70726
Beth@cokeemploymentlaw.com
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Attorney for Plaintiff